FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT - 4 2006

DAVID J. MALAND, CLERK
DEPUTY _____

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ERIC PAYNE, ZENOBIA PAYNE, BARRY JACKSON, RHONDA SMITH, MICHAEL THOMAS, AND JOETTA DARBY,<br>Plaintiffs<br><br>vs.<br><br>MITCH WOODS, IN HIS OFFICIAL CAPACITY AS JEFFERSON COUNTY SHERIFF, AND JEFFERSON COUNTY TEXAS,<br>Defendants | CIVIL ACTION NO. 1:06CV0614<br><br>Judge Crone |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiffs in this employment termination case related to Hurricane Rita and the mandatory evacuation orders, complaining of said Defendants and for cause of action shows unto the Court the following:

### I.
### PARTIES

1. Plaintiffs were at all pertinent times employees of Defendants.

2. Defendant Mitch Woods is sued in his official capacity only as Jefferson County Sheriff; he may be served with process at this office located at 1001 Pearl St., Beaumont, Texas.

3. Defendant Jefferson County Texas is a governmental entity which may be served by and through the County Judge, Carl Griffith, at his office located at 1001 Pearl St., Beaumont, Texas.

## II.
## VENUE AND JURISDICTION

4. This Court has original jurisdiction, inter alia, under 28 USC 1343 and 1331 in this case involving claims under Title VII [42 USC 2000c ct seq] and the Age Discrimination in Employment Act [29 USC 621 et seq], and the Civil Rights Act of 1991 [42 USC 1981A] and supplemental jurisdiction under 28 USC 1367.

5. Venue is proper in this Division per 28 USC 1391, where the conduct at issue occurred, where the impact of said conduct was felt, where the evidence and witnesses are largely located, where Plaintiff resides, and where Defendant maintains both a major operations center and a major facility.

## III.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiffs have exhausted all administrative remedies by law.

## IV.
## CONDITIONS PRECEDENT

7. All conditions precedent to bringing this action have been performed or have occurred.

## V.
## THE BASIC FACTS

8. The basic facts are as follows:

   (a) The Sheriff's Department itself had no policy and no guidelines for employee compliance with mandatory evacuation orders at the time of Hurricane Rita and the mandatory evacuation orders issued by both the Governor of the State of Texas and the Jefferson County Commissioners.

   (b) On information and belief, approximately 15 Sheriff's Department employees were terminated due to Hurricane Rita related evacuations; of these 15, the great majority were black and most were long-time employees.

(c)      Also on information and belief, white employees who evacuated were given little or no discipline and not fired.

(d)      Plaintiffs were 'non-essential' personnel as Correctional Officers, had never been told that they were 'essential' personnel, and the Sheriff's Department had not classified them as 'essential' personnel at the time of Hurricane Rita and the mandatory evacuation orders noted above.

(e)      At the time of the events at bar, Eric Payne, a black male over the age of 40 years and under the age of 70 years, had been employed by Defendants for about 18 years, was a Lieutenant at the Sheriff's Office and in line for promotion to Captain. His superiors advised him of the mandatory evacuation orders due to Hurricane Rita's imminent landfall in Jefferson County, and also instructed him to get his family (which included wife, Zenobia Payne and their children) out of town. He did so. Because he instructed his wife Zenobia Payne (who was also employed by Defendants as a Correctional Officer) to comply with the mandatory evacuation orders and the instructions of his superiors, he was demoted from Lieutenant down to a basic Correctional Officer and ultimately forced to retire.

(f)      Zenobia Payne, a black female over the age of 40 years and under the 70 years, had been employed by Defendants for over 10 years as a Correctional Officer; at the time in question, she was assigned to the county warehouse. At the instruction and with the permission of her supervisor and acting in conformity with the mandatory evacuation orders, she evacuated for the Hurricane. She returned to work about a week later, worked for about a month and then was fired.

Her immediate supervisor (a white male) also evacuated for the Hurricane and was not fired.

(g)      Joetta Darby, a black female, had been employed as a Correctional Officer by Defendants for about 18 months. Although she had a shift assignment for September 24, 2005, she complied with the mandatory evacuation orders on that day. She called into the Department the next day and was advised that no one was being allowed back in.

She was able to return to work within a week, worked her shifts for about a month thereafter, and then was fired.

(h) Rhonda Smith, a black female, had been employed by Defendants as a Correctional Officer for several years. She evacuated (with her 8 month old child) in conformity with the mandatory evacuation orders noted above. She was able to return to work a few days later and was fired about 6 weeks later for allegedly being 'absent without leave' and 'cowardice'.

(i) Barry Jackson, a black male, had been employed by Defendants as a Correctional Officer for over 13 years. He worked his assigned shift the day Hurricane Rita hit Jefferson County, (September 24, 2005) and the following 2 days (September 25, 2005 and September 26, 2005) were his days off, so, in compliance with the mandatory evacuation orders, he evacuated to check on his wife and children. He was also advised by his superiors that this was an approved thing to do. He was able to get back into the County 3 days later. He worked for about 5 weeks thereafter and was then fired.

(j) Michael Thomas, a black male, had been employed by Defendants for about 4 1/2 years. He was on approved vacation when Hurricane Rita hit the County. He called in to advise of the difficulty in getting back into the County, and that he would probably be late for his shift, and spoke to a superior officer. He arrived at the jail after his shift but spent the night there at the County Jail and started his next shift the following day.

After missing 1 shift on 1 day due to the Hurricane, he worked for about another 6 weeks and then was fired.

(k) On information and belief, all Plaintiffs were discriminated against on the basis of their race (black) and gender (detailed above), Plaintiffs Eric Payne and Zenobia Payne were also discriminated against because of their age.

(l) On further information and belief, Plaintiffs were retaliated against for complaining of disparate treatment based on unlawful factors such as race.

(m) The review boards or committees used by the Sheriff's Department were either all white or majority white, individuals. Plaintiff Eric Payne appealed directly to the Sheriff (a white male). The Sheriff approved all disciplinary action as to Plaintiffs.

## VI.
## CLAIMS, CAUSES AND DAMAGES

9. The facts set out above support Plaintiff's claims for employment discrimination based on race, age, and gender as well as retaliation.

10. Plaintiffs' damages included but are not limited to the following:

    a. Actual, compensatory and consequential damages as allowed by law;

    b. Injunctive and declaratory relief;

    c. An award of attorneys fees as permitted by law;

    d. An award of pre-judgment and post-judgment interest at the highest rate and to the extent allowed by law;

    e. An award of their costs of Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial of this case, the Court enter a Judgment in their favor and against Defendants, award them their damages, injunctive relief, declaratory relief, attorneys fee, pre-judgment and post-judgment interest, and Court costs, and for such further relief as may be just.

Respectfully submitted,

| HEWITT LAW FIRM | WRIGHT & PITRE |
|---|---|
| By: *[signature]* OTTO D. HEWITT, III | By: *[signature]* H. P. WRIGHT |
| TBA #09559500 | TBA# 22031000 |
| 1600 E. Hwy. 6, Ste. 302 | 1221 Dallas St. |
| Alvin, Texas 77511 | P. O. Box 186 |
| Phone: (281) 388-1007 | Port Neches, Texas 77651 |
| Fax: (281) 388-1017 | Phone: (409) 722-0486 |
| | Fax: (409) 722-7215 |

ATTORNEYS FOR PLAINTIFFS